Dear Mr. Vidrine:
You have requested an opinion from this office on behalf of the St. Landry Parish Airport Authority (AAuthority) regarding the leasing of airport property. Of particular concern to the Authority is the current lease with its Fixed Based Operator at the airport. In this regard, you have furnished us of with copies of (1) the original lease dated November 27, 1991, (2) the original lessee's request for a lease extension dated June 9, 1993, (3) an agreement for extension of the original lease also dated June 9, 1993, (4) an agreement for modification of the original lease to include additional space in the terminal building signed January 1, 1994, and (5) an assignment of the original lease, with modification and extension, dated July 11, 2000.
The term of the original lease was December 1, 1991 through May 1, 1995 or a period of three years and five months. However, under Article II, Paragraph AD of the original lease, entitled AIMPROVEMENTS TO LESSOR'S FACILITIES, there is found the following: AWhen permanent improvement costs reach the required incremental level for an extension of this Agreement, Lessee may make such request for extension and Lessor will grant such extension.
The agreement for extension of the original lease dated June 9, 1993 added a new Paragraph AC under Article IV of the original lease, entitled AEXTENSION OF TERM. This paragraph provides that the lease may be extended for two successive periods of seven years each at the option of the lessee by giving written notice to the lessor not more than twenty four nor less than twelve months prior to the expiration of the then existing term. The first extended term would be for the period May 1, 1995 to April 30, 2002, and the second extended term would be for the period May 1, 2002 to April 30, 2009.
In 1991 when the original lease was executed, the statute applicable to the leasing of operational space was La.R.S. 2:135.1(B), now La.R.S.2:135.1(B)(2) (a b), which provided for leases limited to a period not exceeding ten years, with an extension for an additional period of not more than ten years when the lessee adds or contracts for permanent improvements to be constructed in amount of not less than twenty thousand dollars.
The June 9, 1993 written request to the Authority for a lease extension by the original lessee simply states that it had Aexpended a great deal of money and time rejuvenating the airport to its present operating condition. While this office can not make a determination whether twenty thousand dollars of improvement had in fact been made or contracted for in June 1993 based upon this request by the original lessee, we are of the opinion that a failure to comply with the twenty thousand dollar improvement requirement under the above cited statute would have precluded the Authority from granting an extension to the original lease.
Furthermore, even if the lessee had complied with the twenty thousand dollar improvement requirement under the above cited statute, the two seven year extensions granted by the Authority in 1993 clearly exceeded the ten year limitation for an extension of the original lease.
We hope that this analysis will be of benefit to the Authority; and if we can be of any further assistance to you in this matter, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp
DATE REQUESTED: 5/23/01 DATE RELEASED: July 26, 2001
REQUESTED BY: Mr. Dale Vidrine, Chairman St. Landry Parish Airport Authority P.O. Box 285 Opelousas, LA 70571-0285
AUTHOR: ROBERT H. CARPENTER, JR. ASSISTANT ATTORNEY GENERAL CIVL DIVISION/LANDS NATURAL RESOURCES SECTION